[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-13016
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 10, 2009
THOMAS K. KAHN
CLERK

D.C. Docket No. 07-22183-CV-JAL

DARRICK ADAWAY,

Petitioner-Appellant,

versus

DEPARTMENT OF CORRECTIONS,
Walter A. McNeil, Secretary,
ATTORNEY GENERAL OF THE STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

(June 10, 2009)

Before DUBINA, Chief Judge, BLACK and FAY, Circuit Judges.

PER CURIAM:

Appellant Darrick Adaway, a Florida state prisoner proceeding *pro se*,

appeals the district court's denial of his 28 U.S.C. § 2254 federal habeas petition.

We granted a certificate of appealability as to whether the district court violated *Clisby v. Jones*, 960 F.2d 925, 938 (11th Cir. 1992) (*en banc*), when it failed to address his claim of ineffective assistance of counsel for failure to appeal a motion to suppress his confession.

"[W]e review questions of law and mixed questions of law and fact *de novo*, and findings of fact for clear error." *Stewart v. Sec'y, Dep't of Corr.*, 476 F.3d 1193, 1208 (11th Cir. 2007). In *Clisby*, we held that when a district court fails to address all claims in a habeas petition, we will vacate without prejudice and remand the case for consideration of all remaining claims. 960 F.2d at 938. Under *Clisby*, a claim "is any allegation of a constitutional violation." *Id.* at 936. Ineffective assistance of counsel constitutes a violation of a defendant's Sixth Amendment rights, and thus is a claim of a constitutional violation. *Strickland v. Washington*, 466 U.S. 668, 684–86, 104 S. Ct. 2052, 2063-64, 80 L. Ed. 2d 674 (1984).

After a careful review of the record on appeal and the briefs of the parties, we conclude the district court violated *Clisby* by failing to address Adaway's claim of ineffective assistance of counsel for failure to appeal the denial of the motion to suppress his confession. Accordingly, we vacate the district court's

2

judgment without prejudice and remand for consideration of the remaining claim by the district court.

**VACATED AND REMANDED.**